Benoit Ney *v.* Joseph D. Richard et als.—Benoit Ney *v.* Joseph D. Richard.

In a prosecution against a party for cruel treatment to a slave, the Justice of the Peace is without authority to place the slave beyond the reach or control of the master. That right or privilege is conferred upon the Judge and jury who try the prosecution for the cruel treatment. The Justice's Court is entrusted only with the preliminary investigation of the charge preferred; and beyond the duties of a committing magistrate, the Justice is without authority.

It is the duty of the District Judge, in such a case, on application for a *mandamus*, and upon a proper showing, to release the slave from imprisonment, without making the magistrate a party to the proceedings.

The jurisdiction of the Supreme Court over misdemeanors attaches only after the actual imposition of a fine exceeding three hundred dollars.

Where a slave had been ordered into the custody of the Sheriff by a Justice of the Peace, in a prosecution against a wife for cruel treatment—*Held:* That an application by the husband, as head and master of the community, to the District Judge for a *mandamus* against the magistrate, the keeper of the Parish Jail and the Sheriff, for the delivery of the slave, was not incidental to the criminal prosecution, and if the amount involved exceeds the sum of three hundred dollars, the Supreme Court has jurisdiction.

The Sheriff being a ministerial officer, cannot treat as a nullity a *mandamus* from the District Court, and in order to recover a slave in such a case as the above, the only remedy of the plaintiff is in a *mandamus*.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *C. H. Mouton* and *J. E. King*, for plaintiff and appellant. *Swayze & Moore*, for defendant.

VOORHIES, J. The plaintiff's wife, *Adèle Roy* was arrested under a charge of cruel treatment of their slave, by name *Frozine*. There being a waiver of the examination before the committing magistrate, an order was entered admitting the party to bail, and, in default thereof, ordering her into the custody of the Sheriff to await her trial in the District Court.

The accused furnished the bond required, and was thereupon released; but the magistrate forthwith ordered the slave *Frozine* to jail during the pendency of the prosecution; and, a *mittimus* to that effect being placed in the hands of the Sheriff, the slave was incarcerated in the Parish Prison.

*Benoit Ney*, claiming to be the owner, as head and master of the community, applied to the District Court for a *mandamus* against the magistrate, the keeper of the Parish Jail, and the Sheriff, for the delivery of the slave, on the ground that the *mittimus* was an absolute nullity for want of authority in the magistrate to make such a decree.

The District Judge, the *mandamus* having been tried, decided that the decree was valid, and ordered the Sheriff to retain the slave in his custody until she be discharged in due course of law.

We are aware of no law which authorizes a magistrate, in such cases, to place a slave beyond the reach or control of the master. That right or privilege is

NEY
*v.*
RICHARD.

conferred upon the Judge and jury who try the prosecution for the cruel treatment. The Justice's Court is entrusted only with the preliminary investigation of the charge preferred; and, beyond the duties of a committing magistrate, the Justice is without authority.

From the moment that the Justice, *Joseph D. Richard,* had committed the accused, *Adèle Roy,* and the latter had furnished bonds for her appearance before the District Court, the functions of the committing magistrate were at an end, and the jurisdiction of the District Court had attached. So that, however irregular and informal the *mittimus* respecting the custody of the slave, no order or decree could be rendered against the magistrate in the premises. The District Judge, however, had the right,—nay, upon a proper showing, it was his duty, to release the slave from imprisonment, without making the magistrate a party to the proceeding.

Had the accused applied by rule to have the slave returned to her, and had the District Court denied the order, no appeal would have lain to this court. Our jurisdiction over misdemeanors attaches only after the actual imposition of a fine exceeding three hundred dollars.

But these proceedings are not incidental to the criminal prosecution in the name of the State against *Adèle Roy;*—this is an action separate and distinct, in which she has no concern, and the parties of which are not the same. The amount involved in this civil cause exceeds the sum of three hundred dollars, and brings it within our jurisdiction.

So far as the merits of this controversy are concerned, it does not seem to be very important to determine whether it would have been preferable to have proceeded by *habeas corpus,* or whether this remedy was even applicable. The plaintiff, considering the Sheriff and the keeper of the Parish Jail as mere ministerial officers acting under the orders of the District Court, proceeded by *mandamus.* The object of this writ, whether addressed to an individual, corporation, or public officer, or court of inferior jurisdiction, is to direct it " to perform some certain act belonging to the place, duty or quality with which he is clothed." C. P. 829. " It may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them." C. P. 834.

The object of the present suit is to obtain from the District Judge an order directing the Sheriff in the discharge of his duties under the *mittimus* of the magistrate. The Sheriff, being a ministerial officer, could not treat the order as a nullity; and, inasmuch as the whole matter is vested in the District Court, the only remedy of the plaintiff laid in a writ of *mandamus.* To require of the party to institute an ordinary action, would entail a hardship not only upon him, but upon the Sheriff and keeper of the Parish Prison, who have no interest in the matter, and are acting under the direction of the court.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed as regards the appellees, *Chachéré & Thompson;* that [a writ of *mandamus* do issue upon the said parties, as prayed for by the plaintiff; and that in other respects, the judgment appealed from be affirmed.